**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MARIO MENDOZA,**

    Petitioner,

v.                                                                           Case No. 8:17-cv-2044-T-35JSS

**SECRETARY, DEPARTMENT**
**OF CORRECTIONS,**

    Respondent.
_____/

**O R D E R**

This cause is before the Court on Petitioner Mario Mendoza's *pro se* petition for the writ of habeas corpus, filed under 28 U.S.C. § 2254. (Doc. 1) Upon consideration of the petition, the response opposing the petition as time-barred (Doc. 8), and Mendoza's reply (Doc. 10), and in accordance with the *Rules Governing Section 2254 Cases in the United States District Courts*, it is **ORDERED** that the petition is **DISMISSED AS TIME-BARRED**:

**PROCEDURAL HISTORY**

Mendoza was convicted after a jury trial of attempted second-degree murder with a weapon and shooting at or throwing a deadly missile at, within or into a building or vehicle. (Doc. 9-2 Ex. 5) The state trial court sentenced Mendoza to 20 years in prison. (Doc. 9-2 Ex. 6) The state appellate court *per curiam* affirmed the convictions and

1

sentences. (Doc. 9-2 Ex. 11) The state appellate court struck Mendoza's motion for clarification as untimely. (Doc. 9-2 Exs. 13, 14) Mendoza filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 9-2 Ex.15) The state court denied relief. (Doc. 9-2 Ex. 16) The state appellate court *per curiam* affirmed the order of denial. (Doc. 9-2 Ex 22)

When Mendoza filed his federal habeas petition, the Court directed him to show cause why the petition should not be dismissed as time barred. (Doc. 5) Although Mendoza did not respond to the Court's Order, the Court subsequently directed Respondent to respond to the petition. (Doc. 6)

## **UNTIMELINESS OF FEDERAL HABEAS PETITION**

**I.     AEDPA Statue of Limitations**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Mendoza's petition is subject to a one-year statute of limitations set out in 28 U.S.C. § 2244(d). This period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, the period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2).

The state appellate court affirmed the convictions and sentences on November 5, 2014. (Doc. 9-2 Ex. 11) Accordingly, Mendoza's judgment became final on February 3, 2015, upon expiration of the 90-day period to petition the United States Supreme Court for the writ of *certiorari*. *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002); *Jackson v.*

*Sec'y, Dep't of Corr.*, 292 F.3d 1347 (11th Cir. 2002). Therefore, Mendoza had until February 3, 2016, absent any tolling, to file his federal habeas petition.

Mendoza did not submit any properly filed tolling applications challenging his conviction prior to the expiration of the one-year AEDPA limitations period.[1] It was not until after the expiration of the limitations period, on March 1, 2016, that Mendoza constructively filed his Rule 3.850 motion by giving it to prison officials for mailing. (Doc. 9-2 Ex. 15) Mendoza's Rule 3.850 motion could not have had any tolling effect and did not revive the expired limitation period. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[A] state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'" (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000))). Accordingly, Mendoza's federal habeas petition, filed August 24, 2017, 568 days after his AEDPA limitations period expired, is untimely under § 2244(d)(1)(A).

## II.     Equitable Tolling

Acknowledging that his petition is untimely, Mendoza asserts entitlement to equitable tolling. AEDPA's one-year limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner can only obtain equitable tolling if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). As this is a

---

[1] Mendoza's motion for clarification, filed on March 30, 2015, after his judgment became final, does not affect the timeliness calculation. Because the state court struck the motion for clarification as untimely, (Doc. 9-2 Ex. 14), it was not a "properly filed" tolling application. *See Jones v. Sec'y, Dep't of Corr.*, 906 F.3d 1339, 1350  (11th Cir. 2018) (noting that when a state court rules that a motion is untimely, "[t]hat necessarily means that the motion wasn't 'properly filed,' and thus it didn't toll AEDPA's one-year statute of limitations.").

"difficult burden" to meet, the Eleventh Circuit "has rejected most claims for equitable tolling." *Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) ("[E]quitable tolling applies only in truly extraordinary circumstances."); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Equitable tolling is an extraordinary remedy which is typically applied sparingly."). A petitioner must show a "causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (citing *Lawrence v. Florida*, 421 F.3d 1221, 1226-27 (11th Cir. 2005)).

The applicability of equitable tolling depends on a case's particular facts and circumstances. *See Holland*, 560 U.S. at 649-50 (equitable tolling decisions are made on a case-by-case basis); *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002) (in assessing equitable tolling, "[e]ach case turns on its own facts."). Mendoza carries the burden of establishing that equitable tolling is warranted. *See San Martin*, 633 F.3d at 1268 ("The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner. . . . Mere conclusory allegations are insufficient to raise the issue of equitable tolling."); *Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014) ("The petitioner has the burden of establishing his entitlement to equitable tolling; his supporting allegations must be specific and not conclusory.").

### A.  Extraordinary Circumstances

In his federal habeas petition, Mendoza states that his place of confinement was "on a level three lock down." (Doc. 1 at 15 n.1) Accordingly, Mendoza claims he "was

4

unable to gain access [to] the Law Library to complete [th]is Petition until now[.]" (Doc. 1 at 15 n.1) Mendoza does not identify the date when the lockdown was imposed, but in his reply, Mendoza contends that the lockdown started "[w]hen the deadline to toll the AEDPA by filing the 3.850 motion closed in" and that the lockdown existed "up through the AEDPA deadline[.]" (Doc. 10 at 2) During the lockdown, he claims, the law library was closed and the prison law clerks kept his paperwork. Mendoza thus claims that because of the lockdown, he was unable to file his Rule 3.850 motion in time to toll the AEDPA limitations period. He also contends that he filed his Rule 3.850 motion in state court when the lockdown was lifted, shortly after the AEDPA deadline passed.[2] Mendoza therefore claims that this supports his assertion that "the lockdown itself is what impeded Petitioner's diligent effort to toll the AEDPA time period." (Doc. 10 at 2)

Mendoza's allegations concerning the lockdown and resulting lack of access to the prison law library and separation from his legal paperwork do not establish extraordinary circumstances. As the Court noted in its earlier Order (Doc. 5), equitable tolling is not warranted because of a deficient prison law library or because of limited or restricted access to a law library. *See Helton v. Sec'y, Dep't of Corr.*, 259 F.3d 1310, 1313-14 (11th Cir. 2001); *Miller v. Florida*, 307 F. App'x 366, 367-68 (11th Cir. 2009).[3] Further, prison lockdowns and separation from legal papers do not constitute extraordinary circumstances. *See Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004) (stating that "lockdowns and periods in which a prisoner is separated from his legal papers are

---

[2] The AEDPA deadline was February 3, 2016. Mendoza filed his Rule 3.850 motion on March 1, 2016.

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

5

not 'extraordinary circumstances' in which equitable tolling is appropriate." (citing *Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000))); *Miller*, 307 F. App'x at 367-68 (stating that lockdowns do not qualify as extraordinary circumstances warranting equitable tolling); *Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007) ("Paulcin's transfer to county jail and denial of access to his legal papers and the law library did not constitute extraordinary circumstances."). Similarly, a petitioner's *pro se* status does not constitute an extraordinary circumstance. *See Rich v. Dep't of Corr., Fla.*, 317 F. App'x 881, 883 (11th Cir. 2008) (stating that *pro se* status is not an extraordinary circumstance warranting equitable tolling); *Wakefield v. Railroad Retirement Bd.*, 131 F.3d 967, 969 (11th Cir. 1997) ("Ignorance of the law usually is not a factor that can warrant equitable tolling."). Accordingly, Mendoza does not show that the prison lockdown and resulting separation from his legal papers and lack of access to the law library amounted to an extraordinary circumstance warranting equitable tolling.[4]

In his reply, Mendoza also states that because he "hardly speaks any English," he has had to rely on an inmate Spanish translator to assist him throughout his legal proceedings. (Doc. 10 at 1) The Eleventh Circuit has rejected the argument that a petitioner's "difficulties with the English language" support equitable tolling. *United States v. Montano*, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005); *see also Zamudio v. Haskins*, 775 F. App'x 614, 617 (11th Cir. 2019) (stating that "a party's inability to read or speak English is insufficient grounds to justify equitable tolling."); *DeLeon v. Fla. Dep't of Corr.*, 470 F.

---

[4] As addressed, Mendoza does not allege when the lockdown started. He only states that the lockdown was implemented when the AEDPA deadline "closed in," while conceding that "some time" had passed before the lockdown. (Doc. 10 at 2) The Court would note that, based on these representations, it appears a significant passage of time may have occurred prior to the lockdown. Mendoza does not allege the existence of any extraordinary circumstances prior to the lockdown. Nor does he explain why he waited to attempt to cure the AEDPA deadline lapse immediately upon the lifting of the "lockdown" rather than waiting until there was an unsuccessful resolution of his 3.850 petition.

App'x 732, 734 (11th Cir. 2012) ("An inability to understand English does not constitute extraordinary circumstances justifying equitable tolling. . . . The lack of a legal education, the absence of legal counsel in this collateral context, and the resulting consequence of reliance upon a bilingual inmate law clerk also do not excuse a failure to file a § 2254 petition in a timely fashion."). Accordingly, Mendoza fails to establish an "extraordinary circumstance" that justifies the application of equitable tolling.

### B.     Diligence

Mendoza has not demonstrated that he diligently pursued the timely filing of his federal habeas petition to justify the application of equitable tolling. To pursue his rights diligently, a petitioner is required to exercise "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 653; *see also Smith v. Comm'r, Ala. Dep't of Corr.*, 703 F.3d 1266, 1271 (11th Cir. 2012) (the Eleventh Circuit "has noted that 'due diligence . . . does not require a prisoner . . . to exhaust every imaginable option, but rather to make reasonable efforts.'" (quoting *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002))).

As addressed, a petitioner bears the burden of showing entitlement to equitable tolling by presenting specific factual allegations. Although Mendoza makes a vague claim that he undertook a "diligent effort" to ensure timely filing (Doc. 10 at 2), he does not identify what reasonable efforts he made to ensure the timely filing of his § 2254 petition. For instance, while Mendoza claims that the lockdown caused a delay in his ability to prepare court filings, he does not explain why he did not file the § 2254 petition immediately after the end of the lockdown and request that the petition be stayed pending the outcome of his state proceedings. Mendoza does not state why he instead waited 568

days after the expiration of the AEDPA limitations period to file his § 2254 petition. Mendoza has not shown that he exercised diligence in pursuing the timely filing his federal habeas petition as he must to demonstrate entitlement to equitable tolling.

Accordingly, it is **ORDERED** that Mendoza's petition (Doc. 1) is **DISMISSED AS TIME-BARRED**. The **CLERK** is directed to enter a judgment against Mendoza and to **CLOSE** this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

**IT IS FURTHER ORDERED** that Mendoza is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a court must first issue a certificate of appealability. Section 2253(c)(2) limits the issuing of a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Mendoza must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Because the petition is clearly time-barred and he fails to show that reasonable jurists would debate timeliness, Mendoza is not entitled to a certificate of appealability and he is not entitled to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Mendoza must obtain permission from the circuit court to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida, on this 29th day of May, 2020.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE